**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

DAVID M. HILGAR
REG. #17940-045 PETITIONER

V. 2:08CV00134 JTR

T.C. OUTLAW, Warden,
FCI Forrest City RESPONDENT

**MEMORANDUM ORDER**[1]

**I. Background**

On July 14, 2008, Petitioner, David M. Hilgar, initiated this action by filing a Petition for Writ of Habeas Corpus.[2] (Docket entry #1.) Respondent has filed a Response which seeks to dismiss the habeas Petition.[3] (Docket entry #5.) Thus, the issues are joined and ready for disposition.

---

[1]The parties have consented in writing to proceedings before a United States Magistrate Judge. (Docket entry #6.)

[2]Petitioner asserts in his habeas Petition that he is bringing the action under 28 U.S.C. § 2254, which applies only to state prisoners seeking habeas relief. Because Petitioner is a federal prisoner, serving a federal sentence, the Court will construe the habeas Petition as asserting a habeas claim under 28 U.S.C. § 2241.

[3] The Court notes that Petitioner was in the custody of FCI Forrest City at the time he filed this habeas action. The Clerk's most recent mailing to Petitioner was returned undeliverable because he was no longer at the facility. According to the BOP's public website, Petitioner is currently serving his federal sentence at the BOP Community Corrections Office in Kansas City, Kansas, and is projected for good-time release on March 13, 2009. *See* http://www.bop.gov/iloc2/LocateInmate.jsp.

The proper respondent in a habeas action is the petitioner's "immediate custodian" at the time of filing, the warden of the facility where he is incarcerated. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004). Moreover, a petitioner's post-filing transfer does not generally defeat § 2241 jurisdiction. *See Mujahid v. Daniels*, 413 F.3d 991, 993-94 (9th Cir. 2005) (§ 2241 petitioner incarcerated in the District of Oregon properly named the warden of the institution where he was

Before addressing the merits of the Petition, the Court will review the relevant procedural history of the case.

On June 16, 2005, Petitioner entered guilty pleas, in the Western District of Missouri, to being a felon in possession of a firearm, and possession of a firearm while unlawfully using a controlled substance, in violation of 18 U.S.C. §§ 922 and 924. *United States v. Hilgar*, W.D. Mo. 2:05CR04017 NKL at docket entry #14. On November 14, 2005, he received two concurrent 46-month sentences in the Bureau of Prisons ("BOP"). *United States v. Hilgar*, W.D. Mo. 2:05CR04017 NKL at docket entry #30. Both of these federal sentences were ordered to run *concurrent with* state time he was to receive in two pending Missouri state court cases where he was charged with possession of controlled substances. *See* Morgan County Circuit Court Nos. CR1004-890FX and CR1004-280FX.[4] *United States v. Hilgar*, W.D. Mo. 2:05CR04017 NKL at docket entry #30. Petitioner did not appeal any aspect of his federal conviction and sentence to the Eighth Circuit Court of Appeals, or file a § 2255 Motion challenging his plea or sentence in the Western District

---

imprisoned and filed petition in the District of Oregon - "[petitioner's] subsequent transfer and placement onto supervised release do not alter this [jurisdiction] analysis" noting that "jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change."); *United States v. Foster*, 4 Fed. Appx. 605, 607 n.3 (10th Cir. 2001) (unpublished decision) ("Of course, parole or subsequent removal of a petitioner from the district with jurisdiction at the time a habeas petition is filed does not divest the court of its jurisdiction."); *White v. Lamanna*, 42 Fed. Appx. 670 (6th Cir. 2002) (Ohio district court improperly dismissed a properly filed § 2241 petition after prisoner's transfer to federal prison in Indiana - "A district court's jurisdiction generally is not defeated when a prisoner who has filed a § 2241 petition while present in the district is involuntarily removed from the district while the case is pending.")

[4]At the time Petitioner was sentenced in federal court, he was in the primary custody of the State of Missouri awaiting a change of plea and sentencing to the state charges. Petitioner's presence at his federal sentencing was obtained through a writ of habeas corpus ad prosequendum directed to state authorities. *United States v. Hilgar*, W.D. Mo. 2:05CR04017 NKL at docket entries #25 and #27.

of Missouri.

On December 12, 2005, Petitioner appeared in Missouri state court and entered guilty pleas in both state cases. (Docket entry #5, Attachments 3 and 4 to Severson Aff.) After receiving two 5-year sentences, which ran *consecutive* to one another, Petitioner was remanded to the custody of the Missouri Department of Correction to begin serving these sentences.

On June 22, 2007, Petitioner was paroled on *both state sentences*, and was released to the BOP to complete serving his federal sentence. (Docket entry #5, Severson Aff. at ¶6.) In its sentence calculation, the BOP began running Petitioner's federal sentence *when it was imposed*, on November 14, 2005, and continued running it *concurrent with* Petitioner's state time spent in the Missouri Department of Correction.[5] (Docket entry #5, Attachment #1 to Severson Aff.)

Petitioner argues in his habeas Petition that his *federal custody* in the BOP violates his "Fifth and Fourteenth Amendment rights" because his two *state sentences* were improperly ordered to run consecutive to each other in violation of Missouri law.[6] According to Petitioner, Missouri law required that his two state sentences run concurrent with one another and that this "jurisdictional defect" in his state sentences somehow improperly lengthened his federal sentence.

In his Answer, Respondent argues that, because this Court lacks habeas jurisdiction under § 2241, this action must be dismissed. (Docket entry #5.) For the reasons discussed below, the Court agrees with Respondent's argument. Accordingly, the habeas Petition will be dismissed,

---

[5]Petitioner's full-term expiration date of his federal sentence is September 9, 2009. (Docket entry #5, Att. 1 to Severson Aff.)

[6]Petitioner does not develop this argument beyond citing Mo. Stat. Ann. § 559.026, which sets forth the circumstances under which detention can be imposed as a condition of probation, and § 559.036, governing the duration and revocation of probation.

without prejudice.

## II. Discussion

It is well settled that a prisoner may challenge the *validity* of a federal sentence by filing, in the *sentencing* court, a "Motion to Vacate, Set Aside, or Correct" under 28 U.S.C. § 2255. *United States v. Leath*, 711 F.2d 119, 120 (8th Cir. 1983). In contrast, a prisoner may challenge the *execution* of a federal sentence by filing, in the court of *incarceration*, a petition for habeas relief under 28 U.S.C. § 2241. *Id*. (emphasis added). A § 2241 habeas petition may also be filed in the court of incarceration if a petitioner can make a showing of the "rare instance" where the § 2255 remedy is an "inadequate or ineffective." [7] *See Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003).

To the extent that Petitioner's habeas Petition is construed as asserting a § 2255 claim challenging the *validity* of his federal conviction and sentence, this Court clearly lacks jurisdiction because Petitioner was *not* convicted and sentenced in the Eastern District of Arkansas. In addition, Petitioner has made no showing that this is one of the "rare instance[s]" in which the § 2255 remedy is inadequate or ineffective.

To the extent that Petitioner's habeas Petition is construed as asserting a § 2241 claim challenging the *execution* of his federal sentence, he has failed to state a cognizable claim for relief.

---

[7] In defining what is meant by "inadequate or ineffective," the Eighth Circuit has held that more is required than merely demonstrating that there is a procedural bar to bringing a § 2255 motion. *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000). In *Lurie*, the Court held that a § 2255 motion is not "inadequate or ineffective" merely because: (1) "§ 2255 relief has already been denied;" (2) "the petitioner has been denied permission to file a second or successive § 2255 motion;" (3) "a second or successive § 2255 motion has been dismissed;" or (4) "the petitioner has allowed the one year statute of limitations and/or grace period to expire." *Id.* In other words, a petitioner cannot file a § 2241 habeas petition in the district of incarceration merely because he no longer has any remaining avenues for redress in the district where he was convicted and sentenced.

Petitioner was paroled and released from state custody while he still had time remaining on his federal sentence. Moreover, the BOP began running Petitioner's federal time from the moment his federal sentence was imposed, and continued running it concurrently while Petitioner was in state prison serving time on his state sentences. Thus, the consecutive or concurrent character of his two state sentences had *no effect* on Petitioner's federal sentence. In other words, even if the Court were to assume that Missouri law prohibited Petitioner's two state sentences from running consecutive to one another, it would have had no impact on the time that Petitioner will be required to serve on his federal sentence.

Finally, to the extent that Petitioner's habeas Petition is construed as asserting a 28 U.S.C. § 2254 claim attacking his Missouri state court conviction and sentences, he has made no showing that he is still "in custody" on those sentences, a jurisdictional prerequisite under 28 U.S.C. § 2241(c)(3). Because Petitioner has already served his state sentences, he is no longer "in custody" for purposes of pursuing a § 2254 habeas claim.

**III. Conclusion**

IT IS THEREFORE ORDERED THAT the Petition for a Writ of Habeas Corpus (docket entry #1) is DENIED, and the case is DISMISSED, WITHOUT PREJUDICE.

Dated this 5th day of March, 2009.

J. Thomas Ray

UNITED STATES MAGISTRATE JUDGE